IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. REID,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ASTRAZENECA PHARMACEUTICALS, L.P., et al.,<br><br>　　　　Defendants / | No. C-06-1441 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF; DENYING AS MOOT ASTRAZENECA'S MOTION TO STAY**<br><br>(Docket Nos. 19, 21) |

　　　　Before the Court is plaintiff's motion for administrative relief, filed August 9, 2006, by which plaintiff seeks leave to dismiss all defendants other than Eli Lilly and Company ("Eli Lilly") without prejudice. Defendants AstraZeneca Pharmaceuticals, L.P., and AstraZeneca, L.P. (collectively, "AstraZeneca") have filed opposition, to which plaintiff has replied. Defendants Eli Lilly, Johnson & Johnson Company ("Johnson & Johnson"), and Janssen Pharmaceutica Products, L.P. ("Janssen") have not filed opposition or other response to plaintiff's motion. Also before the Court is AstraZeneca's motion for administrative relief to stay the action, pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") as to whether plaintiff's claims against AstraZeneca should be transferred to the Middle District of Florida for inclusion in In re Seroquel Products Liability Litigation, MDL No. 1769.

　　　　A plaintiff is entitled to a dismissal without prejudice unless the defendant demonstrates it will "suffer some plain legal prejudice as a result of the dismissal." See Hamilton v. Firestone Tire & Rubber Co., 679 F. 2d 143, 145 (9th Cir. 1982).

Plaintiff's counsel, apparently anticipating the transfer of his claims against AstraZeneca to the Middle District of Florida, states plaintiff does not wish to proceed with his claims therein, preferring instead to refile in a state court, in the event plaintiff decides to refile at all.  In opposition, AstraZeneca argues a refiling would defeat the purposes of the MDL Panel's order creating multidistrict litigation.  AstraZeneca, however, cites no authority holding such result constitutes cognizable prejudice for purposes of defeating plaintiff's motion to dismiss.  Further, plaintiff's claims arise under state law, and "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved."  See American Nat'l Bank and Trust Co. v. BIC Corp., 931 F. 2d 1411, 1412 (10th Cir. 1991); see also Wetlands Water Dist. v. United States, 100 F. 3d 94, 97 (9th Cir. 1996) (citing favorably to American Nat'l Bank).  Consequently, AstraZeneca has not shown it will be prejudiced if plaintiff's motion is granted.[1]

Accordingly, plaintiff's motion is hereby GRANTED, and all claims asserted against AstraZeneca, Johnson & Johnson, and Janssen are DISMISSED without prejudice. AstraZeneca's motion to stay is hereby DENIED as moot.

This order terminates Docket Nos. 19 and 21.

**IT IS SO ORDERED.**

Dated: August 16, 2006

MAXINE M. CHESNEY
United States District Judge

---

[1] As noted, the other defendants have not responded to the motion and, consequently, have made no showing with respect to prejudice.

2